# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re:<br><br>**DORIS ROSETTA COOPER,**<br><br>Debtor. | CASE NO. 21-50860-pwb<br><br>CHAPTER 7 |

### APPLICATION TO EMPLOY KENNETH S. NUGENT, P.C.
### AS SPECIAL COUNSEL FOR TRUSTEE

John Lewis, Jr., Chapter 7 Trustee for the estate of Doris Rosetta Cooper (the "**Trustee**"), through his undersigned counsel, files this application pursuant to 11 U.S.C. § 327(a) and 330 to employ Christopher Adams and Kenneth S. Nugent, P.C. as special counsel ("**Special Counsel**"), and in support thereof, respectfully represents:

1. On February 1, 2021 (the "**Petition Date**"), the Debtor commenced this case by filing her voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2. The Debtor disclosed a personal injury claim against a third party of unknown value in Schedule A/B (the "**Claim**").

3. On the Petition Date, the Trustee was appointed to serve as Chapter 7 Trustee for the Debtor's estate.

4. The Trustee became the permanent trustee at the conclusion of the meeting of creditors on March 15, 2021 by operation of 11 U.S.C. § 702(d).

5. The case was discharged on May 24, 2021.

6. On July 30, 2021, the Trustee reported on the docket that the Trustee was investigating the possibility of the recovery of assets in this case for the benefit of the creditors, and filed a Report of Assets and Request to Set Claim Deadline [Doc. 24].

7. On October 29, 2021, the Trustee filed an interim report listing the Claim with an unknown value [Doc. 30].

8. The Trustee has investigated the Claim and has selected Special Counsel, based on (a) the fact that Special Counsel was employed by the Debtor pre-petition to handle this matter for her, and has reached a settlement for the Claim; and (b) experience and qualifications in this type of action, to pursue the Claim on behalf of the Estate.

9. The Declaration of Christopher Adams is attached and incorporated herein as **Exhibit A** (the "**Declaration**").

10. The professional services Special Counsel may render, or have already rendered, include:

   a. To negotiate any settlement offers with respect to the Claim;

   b. To give the Trustee legal advice regarding any trial or settlement offer with respect to the Claim;

   c. To prepare on Plaintiff/Trustee's behalf motions, pleadings, discovery papers, and all other papers reasonably necessary to pursue said Claim;

   d. To examine and defend the examination of witnesses in the Claim matters in deposition or at trial;

   e. To prepare form of pre-trial orders, prepare the case for trial, try the case and prosecute any appeals or related proceedings as may arise form the Claim; and

   f. To perform all other legal services for Plaintiff/Trustee in the Claim.

11. On September 9, 2020, Special Counsel was retained as counsel for the Debtor to pursue the Claim. The Professional Services Contract is attached as **Exhibit B** (the "**Contract**"). The Contract provided for a 33 1/3% contingency fee of any amount recovered, plus costs and

expenses if a settlement is reached prior to the filing of a lawsuit and a 40% percent of the gross recovery if a lawsuit is filed, plus costs and expenses.

12. No other agreements or understandings exist between Special Counsel and any other persons or firms for the sharing of compensation and no such sharing or division shall be made.

13. Special Counsel have not entered into any agreement, expressed or implied, with the Debtor or any other party in interest herein, or any attorney for any such persons for the purpose of fixing the amount of fees or any other compensation to be allowed out of or paid from the assets of the Debtor.

14. To the best of the Trustee's knowledge, Special Counsel has no connection with the Debtor, the creditors, or any other party-in-interest, or their respective attorneys or accountants.

15. Special Counsel represents no interest adverse to the Trustee or the estate in the matters upon which they are to be engaged for the Trustee and their employment would be in the best interests of the estate.

WHEREFORE, the Trustee prays that this Application be granted, enabling him to retain Special Counsel for such purposes as requested herein and that the Court grant such other relief as is just and equitable.

[*Signature of counsel on following page*]

Dated: March 17, 2022                        **ROUNTREE LEITMAN & KLEIN, LLC**

<u>/s/ Caitlyn Powers</u>
William A. Rountree, Ga. Bar No. 616503
Elizabeth A. Childers, Ga. Bar No. 143546
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
echilders@rlklawfirm.com
cpowers@rlklawfirm.com
*Attorneys for Trustee*

4

<u>**EXHIBIT A**</u>

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In Re:<br><br>**DORIS ROSETTA COOPER,**<br><br>Debtor. | CASE NO. 21-50860-pwb<br><br>CHAPTER 7 |

<u>**DECLARATION OF CHRISTOPHER ADAMS**</u>

The undersigned hereby makes the following declaration:

1. I am over the age of 18 and am a resident of the State of Georgia. I suffer no legal disabilities, and if called as a witness, I could testify completely to the facts set forth herein upon personal knowledge.

2. I am an attorney with the law firm of Kenneth S. Nugent P.C., and I am duly admitted to practice law in the State of Georgia. The mailing address for my law firm is 1355 Peachtree Street, NE, Suite 1000, Atlanta, Georgia 30309.

3. To the best of my knowledge:

    a. I am and every person in my firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code regarding the Debtor, Alison Nicole White (the "**Debtor**").

    b. Neither I, nor any member of this firm:

        i. Holds or represents an interest adverse to this Estate;

        ii. Has any business, professional or other connections up to the date of this Declaration with the Debtor, her attorneys, her accountants, or any party at interest, other than representation for the Claim and related matters (as defined in the Application to Approve Employment of Special Counsel filed concurrently herewith);

    iii.   Has no connection with the United States Trustee for the Northern District of Georgia, or with anyone employed in the office of the United States Trustee for the Northern District of Georgia; or

    iv.   Has no connection with any of the Bankruptcy Judges sitting in the United States Bankruptcy Court for the Northern District of Georgia as to render such appointment improper.

8.    No promises have been received by this law firm as to payment or compensation in connection with the Claim other than in accordance with the provisions of the Bankruptcy Code. This law firm has not entered into an agreement or understanding to share compensation as described in Federal Rule of Bankruptcy Procedure 2016.

9.    The proposed employment of this law firm is not prohibited by, or improper under, Federal Rule of Bankruptcy Procedure 5002. This law firm is qualified to represent the Trustee in the matters for which its employment is being proposed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON March 16, 2022

*chris adams*
_____
Christopher Adams
Georgia Bar No. 002709

Doc ID: 94417c098200dc2db0cf92dd116eeaa78d82ec73



Audit Trail

| | |
|---|---|
| **TITLE** | Declaration of Christopher Adams.pdf |
| **FILE NAME** | Declaration%20of%...opher%20Adams.pdf |
| **DOCUMENT ID** | 94417c098200dc2db0cf92dd116eeaa78d82ec73 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT**  
**03 / 16 / 2022**  
20:43:31 UTC  
Sent for signature to John Lewis, Jr. (cadams@attorneykennugent.com) from swenger@randllaw.com  
IP: 24.99.79.244

**VIEWED**  
**03 / 17 / 2022**  
13:12:12 UTC  
Viewed by John Lewis, Jr. (cadams@attorneykennugent.com)  
IP: 180.149.5.45

**SIGNED**  
**03 / 17 / 2022**  
13:12:31 UTC  
Signed by John Lewis, Jr. (cadams@attorneykennugent.com)  
IP: 70.43.81.13

**COMPLETED**  
**03 / 17 / 2022**  
13:12:31 UTC  
The document has been completed.

Powered by HELLOSIGN

# **EXHIBIT B**

**Professional Services Contract**



# KENNETH S. NUGENT, P.C.
4227 Pleasant Hill Road, Building 11, Suite 300, Duluth, Georgia 30096
## Attorney-Client Agreement for Legal Services – Auto Accident

I, Doris Cooper ("Client"), the undersigned, hereby retain the law firm KENNETH S. NUGENT, P.C. (the "Nugent Firm") to represent me as legal counsel in connection with all personal injury and property damage claims and causes of action against the at fault driver(s) arising out of the following incident (the "Claim"):

Date of incident: 2020-9-4.
Location of incident: .
At fault driver's name (if known): .
Type of incident: Auto Accident        529463

I understand and agree that I am retaining the Nugent Firm solely for the purpose of pursuing the Claim, including any claims, if applicable, against the at fault driver's employer and uninsured motorist carrier, to the extent such coverage applies and exists. I understand and agree that the Nugent Firm is not pursuing any claims I may have against physicians or healthcare facilities for medical malpractice; against any party for worker's compensation; and / or against manufacturers, suppliers, distributors, sales organizations, or any others involved manufacture or distribution, for any products liability claims in connection with this Claim.

### ATTORNEY – CLIENT RELATIONSHIP:

I represent and affirm that I have not retained any other lawyer or law firm to represent me in connection with the Claim. I understand that the Nugent Firm is not permitted to loan any funds to me on any potential settlement of my Claim, or to advance any funds to me or on my behalf except as set forth in the "**Expenses**" section of this Agreement.

### My Assigned Attorney and Legal Team

I understand and agree that I am retaining the Nugent Firm to provide legal services to me, and to represent me, in the prosecution of the Claim, including investigating, negotiating, prosecuting and handling my Claim to final resolution. I authorize the Nugent Firm to provide all information regarding my Claim to any adverse party or insurer, as part of the prosecution of my Claim, including but not limited to doctors' and hospitals' medical records and reports; medical bills; photographs; and all other documents and information supporting my Claim. I authorize the Nugent Firm to file a lawsuit on my behalf, and to do whatever is legally necessary to prosecute my Claim.

I understand and agree that an attorney employed by the Nugent Firm will be assigned to represent me in connection with my Claim. I understand and agree that any other attorney, and any investigator, case manager, settlement clerk, paralegal, and other employee of the Nugent Firm, can and may perform services in connection with the Nugent Firm's representation of me, under the direction of the attorney assigned to represent me.

I understand and agree that Ken Nugent will not personally handle or represent me in connection with my Claim. However, as President of the law firm Kenneth S. Nugent, P.C., client satisfaction with the legal services provided by the Nugent Firm is important to Ken. If at any time I have any concerns regarding the handling of my Claim by the lawyer or legal team assigned to me, I can contact Ken at Ken@attorneykennugent.com.

I understand and agree that the Nugent Firm may, and has my full authority to, associate additional attorneys not employed by the Nugent Firm to assist with the prosecution of my Claim, and I affirm any such association, if taken. I understand and agree that the association of additional attorneys will not increase or decrease the percentage contingency fee I agree to as set forth in the "**Attorneys' Fees**" section of this Agreement. I agree to and affirm any division of the contingent Attorneys' Fees among the Nugent Firm and any additional attorneys, as agreed to by them.

### My Responsibilities as a Client

I understand and agree that it is essential for me to cooperate and communicate with my attorney in order for the Nugent Firm to properly and effectively pursue my Claim. Accordingly, I agree:

- To meet with my attorney &/or have telephone conferences with my attorney, as needed
- To notify the Nugent Firm of any change of address or telephone number, so that they will know at all times where and/or how I can be reached
- To appear on reasonable notice for depositions, at conferences and in court
- To always tell the whole truth and provide full disclosure of all facts
- To provide any documents requested from me by the Nugent Firm, including copies of all medical bills, health insurance information and/or medical documentation
- To read all documents sent to me by the Nugent Firm and ask questions if I do not understand something
- To promptly complete and return all forms and/or documents sent to me by the Nugent Firm
- To comply with all reasonable requests by the Nugent Firm.

1

Albany | Atlanta | Augusta | Columbus | Duluth | Macon | Savannah | Valdosta
Version 3 2020

Client Initials 



## Communicating with my Attorney

I understand and agree that the Nugent Firm is authorized to communicate with me by letter delivered by United States mail; by telephone; by email; and by SMS (text) messaging, to the addresses, telephone numbers and email addresses I have provided in this Agreement, or that I otherwise provide to the Nugent Firm. I understand that communication via SMS (text) messaging and e-mail carries a risk of inadvertent or unintended interception by third parties, which might compromise the confidential and/or privileged nature of communications with my attorney(s). To the extent that I ever have any concerns regarding the security of my SMS (text) messaging account and/or e-mail account, I will notify the Nugent Firm immediately.

## Termination of the Attorney-Client Relationship by me, and consequent lien for attorney's fees and expenses

I understand that I have the right to terminate the Nugent Firm's representation of me in connection with this Claim at any time, for any reason. However, in the event that I choose to terminate this attorney-client relationship, I must send written notice of termination by letter addressed to Kenneth S. Nugent, P.C., 4227 Pleasant Hill Road, Building 11, Suite 300, Duluth, Georgia 30096 or by email to the attention of the attorney assigned to me. In the event that I terminate the Nugent Firm's representation of me as set forth in this paragraph of this Agreement, the Nugent Firm will provide its file regarding my Claim to any attorney I subsequently retain in connection with the Claim.

I further understand and agree that, if I choose to exercise my right to terminate this attorney-client relationship, the Nugent Firm will hold and be able to assert a lien for attorney's fees for any legal services it provided to me, and any expenses it incurred on my behalf, up to and including the date it receives notice of termination, based either (1) on the percentage set forth in the "**Attorneys' Fees**" section set forth in this Agreement, if a settlement offer has been made by or on behalf of the adverse party or parties prior to my termination of the attorney-client relationship; or (2) on the fair market value of the legal services provided to me by the Nugent Firm, calculated on a reasonable hourly basis, plus any expenses incurred on my behalf, if no settlement offer has been made prior to my termination of the attorney-client relationship. I hereby assign an attorney's fees lien to the Nugent Firm. I further understand and agree that the Nugent Firm may inform any adverse party, insurer of any adverse party, and any attorney representing any adverse party, as well as any attorney subsequently representing me, of the Nugent Firm's lien for attorney's fees and expenses.

## The Nugent Firm's right to withdraw from its representation of Client

I understand and agree that the Nugent Firm can and may withdraw as my attorneys, and close my file, at any time, upon written notice to me sent via text message, email and/or United States mail, sent to the cellphone numbers or addresses I have provided in this Agreement or have subsequently provided to the Nugent Firm, if (1) I fail to cooperate with my attorney; (2) I do not remain in contact with the Nugent Firm and ensure that my attorney has my current contact information; (3) my attorney determines that to continue with the legal services would be impractical, unethical or not feasible following investigation of the facts and law relative to the Claim; or (4) my attorney concludes that the likelihood of recovery does not warrant continuing with the representation. If the Nugent Firm withdraws from its representation of Client as set forth in this paragraph of this Agreement, Client is not responsible for any attorney's fees or litigation expenses.

## No authority to settle without my approval; no representations about my claim

The Nugent Firm and the attorney assigned to handle my Claim agree that they will not compromise or settle my Claim without my full approval, consent and authority to do so. The Nugent Firm will notify me, orally or in writing, of any offer of settlement or compromise received by it, including the amount of any such offer, and will make a recommendation as to the acceptability of any settlement offer for my consideration.

I agree not to negotiate with others independently of the Nugent Firm regarding my Claim. I agree that I will make no compromise or settlement of this Claim without the Nugent Firm's advice, knowledge and legal representation of me.

I acknowledge and agree that the Nugent Firm has made no representations to me regarding what amounts, if any, I may recover for my Claim. I understand that many contingencies make it impossible to predict the results or outcome of my Claim.

## ATTORNEYS' FEES

**Personal injury claims.** I understand and agree that as payment for the advice, counsel and professional legal services provided to me by the Nugent Firm in connection with my Claim, the Nugent Firm will be paid by me a contingent fee based on the amounts it collects on my behalf as a result of my Claim. The contingent fee will be **33 1/3% of all sums recovered on my behalf by compromise prior to filing a lawsuit or 40% of all sums recovered on my behalf once a lawsuit has been filed on my behalf.** I understand and agree that the contingent fee percentage will be calculated based on the gross total amount recovered, and not based on the net amount remaining after the payment of medical bills and expenses (including the expenses described in the "**Expenses**" paragraph in this Agreement). I further understand and agree that the gross total amount recovered, if any, will include but may not be limited to amounts recovered for my bodily injuries; my pain and suffering; payments of medical bills and other expenses; punitive damages, if any; an award of attorneys' fees and expenses of litigation; and all other amounts recovered as a result of my Claim.

2

Albany | Atlanta | Augusta | Columbus | Duluth | Macon | Savannah | Valdosta
Version 3 2020



Client Initials



**KENNETH S. NUGENT, P.C.**
ATTORNEYS AT LAW

**Property damage claims.** I further understand and agree that I will not pay the Nugent Firm any contingent fee based on amounts recovered to repair my vehicle, but that I will pay the Nugent Firm no more than the contingent fee set forth in this paragraph based on any amounts recovered for the diminished value of my vehicle, and any punitive damages awarded.

## EXPENSES INCURRED BY THE NUGENT FIRM ON MY BEHALF

I understand and agree that all litigation and other expenses are my responsibility, to be paid out of any amounts recovered on my behalf, including but not limited to filing and court costs, court reporting expenses, investigative expenses, postage and shipping charges, photocopying costs, printing costs, travel expenses, sums payable to doctors and hospitals for medical records and reports, fees and expenses of expert witnesses, document management expenses, and any other expenses reasonably incurred on my behalf as a result of the prosecution of my Claim ("Litigation Expenses").

The Nugent Firm agrees to pay in advance such Litigation Expenses incurred on my behalf, but I agree that I will repay the Nugent Firm all Litigation Expenses it has incurred on my behalf from my share of any amounts recovered as a result of my Claim. I understand and agree that if there is a recovery, through settlement or a judgment, I will repay the Litigation Expenses out of my share of the recovery, after the attorney's contingent fee percentage is calculated on and subtracted from the total gross recovery. If there is no recovery, Client shall not bear any responsibility for Litigation Expenses, nor shall the Nugent Firm be entitled to be paid for any Litigation Expenses it has incurred on my behalf. If there is a recovery less than or equal to the amount of the Litigation Expenses incurred, the Nugent Firm shall only be reimbursed Litigation Expenses up to the amount of the recovery, and the Client(s) shall not be personally responsible for any Litigation Expenses that have not been reimbursed from any recovery.

I agree and understand that my medical expenses are not Litigation Expenses, and are my responsibility. I agree to pay all outstanding medical bills and/or medical expenses, which I am legally obligated to pay, out of my portion of any amounts recovered through settlement or judgment.

I agree and understand that, if I have signed a lien or letter of protection in favor of a lien holder, including but not limited to any loan or funding company or medical lien holder, and the Nugent Firm receives a copy of such lien or letter of protection signed by me, I authorize the Nugent Firm to honor and pay such lien from my share of any recovery.

I understand that the administration of and eligibility for the receipt of government benefits (including but not limited to Medicare, Medicaid, Social Security income, disability benefits, and other government benefits) are determined by laws established on both a Federal and State level. I understand that my eligibility for the receipt of such benefits can be affected by the receipt of money, including any monies received as a result of my Claim. Due to the unique nature of the laws and regulations applicable to such benefits, I acknowledge that the Nugent Firm is not responsible for providing representation or guidance on how any applicable benefits will be affected by my receipt of any money from a settlement, verdict or judgment concerning my Claim. Should I desire guidance on this issue, the Nugent Firm will direct me to a professional in this field with the understanding that the expense of any such service shall be deducted from Client's net recovery, and shall not be paid out of the Nugent Firm's contingent fee.

I understand that this is a contingent fee agreement, so that if there is no recovery of money by me, there will be no fees or expenses due or owed to the Nugent Firm.

## NO RECOVERY = CLIENT OWES KENNETH S. NUGENT, P.C. NOTHING

I understand that any questions I have about this Agreement can be answered only by my attorney, and cannot be answered by any non-attorney employee of the Nugent Firm. I understand that non-attorney employees of the Nugent Firm cannot offer me any legal advice. I agree that any and all legal questions should be directed by me to my attorney.

I acknowledge that I have been provided the opportunity to discuss with an attorney and receive clarification as to any questions I may have, prior to signing this Agreement.

BY SIGNING THIS AGREEMENT, I HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONTRACT AND FULLY UNDERSTAND IT.

Executed under my hand and seal this day _____ (Date)
CLIENT SIGNATURE or eSignature: _Doris Cooper_ [Electronically Signed]
PRINT NAME: Doris Cooper
Address: 816 Poplar Spring Rd Riverdale GA 30274
Telephone: 404-819-0613.
E-mail Address: _____

Witness: _____   Date: _____
Print name: _____

3

Client Initials